NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Order Filed on December 10, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>GLORIA FAYE JOHNSON,<br><br>　　　　Debtor. | Case No. 25-19181 (MEH)<br><br>Chapter 13<br><br>Hearing Date: December 4, 2025 |

**MEMORANDUM OPINION**

　　This matter comes before the Court on a cross-motion (the "**Cross-Motion**") filed by U.S. Bank, National Association ("**U.S. Bank**") for relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and (4)(B) as to real property described as 77 Arden Street, Somerset, New Jersey 08873 (the "**Property**"). (*See* Mot., Doc. No. 21). The Chapter 13 debtor, Gloria Faye Johnson (the "**Debtor**"), who is proceeding pro se in this case, opposed the Cross-Motion (*see* Opp'n Br., Doc. No. 30), and U.S. Bank filed a reply. (*See* Reply, Doc. No. 31).

　　The Court heard oral argument on the Cross-Motion on October 16, 2025, and directed U.S. Bank to file a supplemental submission clarifying the scope of the relief sought under 11 U.S.C. § 362(d), as well as appending a certification from counsel, which was absent from U.S. Bank's initial Cross-Motion papers. The Court permitted the Debtor to file a supplemental submission in response. Both parties timely filed their supplemental submissions. (*See* U.S. Bank's Suppl. Br., Doc. No. 38; Debtor's Suppl. Br., Doc. No. 41). The Court heard further oral argument on December 4, 2025, and took the matter under advisement. For the reasons discussed below, the Court **GRANTS** the Cross-Motion.

**DATED: December 10, 2025**

Honorable Mark E. Hall
United States Bankruptcy Judge

I.   **BACKGROUND**

By way of brief background, U.S. Bank holds a mortgage on the Property in the principal amount of $51,600.00, initiated a foreclosure action on the Property in New Jersey Superior Court on September 7, 2018, and obtained a final judgment of foreclosure on the Property on August 11, 2022.  (*See* Woerner Cert. ¶¶ 1-4, Doc. No. 38).  It appears from the Debtor's submissions that a sheriff's sale of the Property was scheduled for September 2, 2025 (*see* Debtor's Ex. at 6, Doc. No. 7-3), but did not go forward in light of the Debtor filing the present bankruptcy case the same day.  U.S. Bank filed a proof of claim evidencing a total debt due and payable in the amount of $304,916.22 as of the petition date.  (*See* Claim No. 10).

Upon filing her current bankruptcy case, the Debtor timely moved to extend the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B), as she had a previous Chapter 13 bankruptcy case (Case No. 24-11467-MEH) pending and dismissed within the past year.  (*See* Mot., Doc. No. 7).  The Court considered and denied that motion for the reasons stated on the record at the September 25, 2025 hearing.  (*See* Order, Doc. No. 23).  The Court concluded that the Debtor was unable to demonstrate the requisite good faith, changed circumstances, or likelihood that this case would result in confirmation of a Chapter 13 plan to justify an extension of the stay.  Consequently, the stay expired on October 2, 2025 as to the Debtor, but otherwise remained in effect as to property of the estate pursuant to Section 362(c)(3)(A) of the Bankruptcy Code[1] and the interpretation thereof by courts within this District.  *See, e.g.*, *In re Guilford*, No. 20-11394, 2020 WL 4346660,

---

[1] All references to the Bankruptcy Code in this Memorandum Opinion shall mean title 11 of the United States Code.

at *1-3 (Bankr. D.N.J. July 28, 2020) (Poslusny, J.) (citing *In re Mortimore*, Civ. Act. No. 11-955, 2011 WL 6717680, at *3-5 (D.N.J. Dec. 21, 2011) (Bumb, J.).

The Cross-Motion seeks relief from the stay as to property of the estate so that it may proceed to a sheriff's sale on the Property. Specifically, U.S. Bank seeks relief under Section 362(d)(1) of the Bankruptcy Code for cause, including but not limited to lack of adequate protection, as well as under Section 362(d)(4)(B) of the Bankruptcy Code, arguing that the filing of the Debtor's petition is part of a scheme to delay, hinder, or defraud U.S. Bank. (*See* U.S. Bank's Suppl. Br. at 3, Doc. No. 38-1). The Debtor opposes the Cross-Motion on a myriad of grounds, including: "a void deed," "an extinguished mortgage," "fraudulent prior proceedings," "illegal foreclosure during bankruptcy," "attorney-engineered default," "administrative default," "RICO-pattern conduct," and "class-action-level misconduct." (Debtor's Suppl. Br. at 21, Doc. No. 41; *see also* Opp'n Br. at 6-8, Doc. No. 30). The Court understands the Debtor's position to be, in sum, that U.S. Bank lacked standing to foreclose on the Property because it holds an allegedly fraudulent and void security interest. (*See generally* Opp'n Br., Doc. No. 30; Debtor's Suppl. Br., Doc. No. 41).

## II.    DISCUSSION

Section 362(d) of the Bankruptcy Code provides that upon the request of a party in interest, "the court shall grant relief from the stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). This section "does not define 'cause,' leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case." *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997). "Courts do not apply a rigid test when determining whether 'good cause' exists to modify an automatic stay."

*In re Donington, Karcher, Salmond, Ronan & Rainone, P.A.*, 194 B.R. 750, 761 (D.N.J. 1996). The decision to grant relief from the stay is made on a case-by-case basis, *see In re Wilson*, 116 F.3d at 90, and is within the sound discretion of the bankruptcy court. *See In re Myers*, 491 F.3d 120, 130 (3d Cir. 2007) (noting that the bankruptcy court is accorded "wide latitude . . . to balance the equities when granting relief from the automatic stay").

The Bankruptcy Code also provides for *in rem* stay relief for creditors holding secured claims against real property "if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property." 11 U.S.C. § 362(d)(4)(B); *see also In re Gray*, 558 F. App'x 163, 166 (3d Cir. 2014). "A scheme to delay or hinder can be evidenced by the circumstances surrounding multiple petitions, such as whether the petitions were 'timed strategically to stay upcoming trial dates in the state foreclosure matter,' and whether cases did not move forward, 'having apparently served their purpose of staying the foreclosure proceedings.'" *In re Rothman*, No. 23-15073, 2023 WL 7179180, at *4 (Bankr. D.N.J. Oct. 31, 2023) (quoting *In re Mazza*, No. 14-6423, 2015 WL 5729262, at *5 (E.D. Pa. Sept. 30, 2015)).

The Court has gleaned from the parties' submissions and arguments that the Debtor's allegations challenging U.S. Bank's interest in the property is the basis of a longstanding and contentious dispute between the parties that is central to, if not the impetus behind, the Debtor's more recent bankruptcy filings. The Court finds that the following circumstances and history evidence sufficient 'cause' under Section 362(d)(1) of the Bankruptcy Code to grant U.S. Bank relief from the stay, as well as demonstrate a scheme under Section 362(d)(4)(B) of the Bankruptcy Code to delay or hinder U.S. Bank from proceeding to a sheriff's sale of the Property.

First, U.S. Bank asserts that the Debtor has not made any payments—either contractual payments or some form of adequate protection payments—on the mortgage account since March 2008, leaving U.S. Bank to bear "nearly two decades of tax and insurance" costs. (*See* U.S. Bank's Suppl. Br. at 3-4, Doc. No. 38-1). U.S. Bank asserts it has advanced $127,036.41 worth of escrow coverage on the Debtor's account. (*See id.* at 4).

Second, since August 11, 2022—the date the New Jersey Superior Court entered the final judgment of foreclosure on the Property and issued a writ of execution—the Debtor has filed for Chapter 13 bankruptcy on three occasions, including the Debtor's present case. Each of these filings has stayed and postponed a sheriff's sale of the Property.

In her first Chapter 13 bankruptcy case following entry of the final judgment of foreclosure, (*see* Case No. 22-19322-MBK), the Debtor was able to confirm her Chapter 13 plan, but the plan's success was contingent upon her ability to obtain a loan modification to satisfy her obligations to U.S. Bank. (*See* Chapter 13 Plan, Doc. No. 20, Case No. 22-19322-MBK). It does not appear that the Debtor ever obtained a loan modification, and her case was dismissed on January 25, 2024. (*See* Order, Doc. No. 63, Case No. 22-19322-MBK; *see also* Chapter 13 Trustee's Mot. to Dismiss, Doc. No. 51, Case No. 22-19322-MBK).

Shortly thereafter, on February 16, 2024, the Debtor again filed a Chapter 13 bankruptcy case. This case did not result in a confirmed plan and was ultimately dismissed at the confirmation hearing on October 3, 2024. (*See generally* Case No. 24-11467-MEH). In that case, which was at the time before the Hon. Rosemary Gambardella, U.S.B.J. (Ret.), the Debtor appears to have raised the same fraud allegations against U.S. Bank when the Debtor objected to and moved to expunge U.S. Bank's claim. (*See* U.S. Bank's Ex. C to Mot., Doc. No. 21-1). On October 9, 2024,

Judge Gambardella entered an Order providing that for the reasons stated at the October 2, 2024 hearing, the Debtor's objection and motion were denied. (*See* U.S. Bank's Exs. D and E to Mot., Doc. No. 21-1). The Debtor subsequently appealed the Order to the District Court (*see* Notice of Appeal, Doc. No. 56, Case No. 24-11467-MEH), and the District Court denied the appeal without prejudice on procedural grounds. (*See* Copy of District Court Order, Doc. No. 83, Case No. 24-11467-MEH). Less than one year after that bankruptcy case was pending and dismissed, on September 2, 2025, the Debtor filed her present Chapter 13 bankruptcy case.

More concerning than the Debtor's repeated bankruptcy filings on the eve of foreclosure sales is the Debtor's persistence in attempting to relitigate allegations against U.S. Bank and the validity of the foreclosure judgment obtained by U.S. Bank when those claims and issues have already been decided by the New Jersey Superior Court in the foreclosure action. "As the Third Circuit recently emphasized in *In re Adams*, bankruptcy courts cannot be used as a backdoor appeal to relitigate issues already decided in state foreclosure proceedings." *In re Burgos*, 673 B.R. 559, 564 (Bankr. W.D. Pa. 2025) (citing *In re Adams*, 151 F.4th 144 (3d Cir. 2025)). "Instead, principles of preclusion and full faith and credit require federal courts to respect those state-court judgments." *Id.* (citing *In re Adams*, 151 F.4th at 153, 156).

In *In re Adams*, the Chapter 13 debtor, like the Debtor here, opposed a mortgage holder's motion for relief from the automatic stay by arguing "that the New Jersey [foreclosure] judgment was wrongly decided," as the mortgage holder never held the mortgage. 151 F.4th at 156. To determine whether the debtor's claim was precluded, the Third Circuit, applying New Jersey law, looked to whether:

> [(1)] the foreclosure judgment was "valid, final, and on the merits"; (2) the parties in the later action are identical to, or in privity with, those in the prior action; and

(3) her claim in this "later action" stems from the "same transaction or occurrence as the claim in the earlier" foreclosure action.

*In re Adams*, 151 F.4th at 156 (quoting *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 124 N.J. 398, 591 A.2d 592, 599 (1991)). The Third Circuit found all three elements satisfied, concluding that the debtor's claim was precluded, along with the issues "wrapped up in this claim" like "the validity of the mortgage's assignment, the banks' standing to foreclose, and on." *Id.* at 156, n.5. The debtor was therefore bound by the state court foreclosure judgment and "precluded from any attempt to secure a different outcome" in federal court. *Id.* at 156.

The Third Circuit's decision in *In re Adams* compels this Court to reach the same result here. The final judgment of foreclosure entered by the New Jersey Superior Court in favor of U.S. Bank was valid, final, and reached the merits. It is indisputable that both U.S. Bank and the Debtor were parties to the foreclosure action. Additionally, the Debtor's claims here, including the issues wrapped up in those claims, like the validity of the mortgage and U.S. Bank's standing to foreclose, have been litigated and decided in the foreclosure action.

To be sure, the New Jersey Superior Court appended a Statement of Reasons to the final judgment of foreclosure that sets forth its decision in granting U.S. Bank's motion for final judgment over the Debtor's objections and improperly styled cross-motion to vacate final judgment. (*See* U.S. Bank's Ex. D, Doc. No. 38-5). The New Jersey Superior Court expressly found that U.S. Bank submitted specific evidence that "shows that plaintiff [U.S. Bank] has standing to proceed in the action." (*See id.* at 17). The New Jersey Superior Court also found that the Debtor had "only provide[d] the Court with generic, conclusory statements," and

> ha[d] not provided any evidence to defeat the material facts established by plaintiff [U.S. Bank]. In contrast, plaintiff [U.S. Bank] provided evidence of the validity of the mortgage, the amount of the loan, and the right of the mortgagee to foreclose on the mortgaged

property, the three material issues which must be established within a mortgage foreclosure.

(*See id.* at 18).

Further, the public case docket for the Debtor's foreclosure action bearing docket number SWC-F-018437-18 reflects that on August 28, 2025, five days before the scheduled sheriff's sale and the date the Debtor filed this bankruptcy case, the Debtor filed a motion before the New Jersey Superior Court to stay the sheriff's sale, making the same arguments challenging the validity of the foreclosure and U.S. Bank's security interest as she does here in opposition to the Cross-Motion. (*See* Mot. to Stay Sheriff Sale filed Aug. 28, 2025, Docket No. SWC-F-018437-18). On August 29, 2025, the New Jersey Superior Court entered an Order stating that it had considered the Debtor's motion, U.S. Bank's opposition, and oral argument, and that the Debtor's motion was denied. (*See* Order filed Aug. 29, 2025, Docket No. SWC-F-018437-18).

For these reasons, the Court finds that the Debtor is bound by the foreclosure judgment held by U.S. Bank and is precluded from any attempts to secure a different outcome in this Court. *See In re Adams*, 151 F.4th at 156. The Court finds that sufficient and good 'cause' exists under Section 362(d)(1) of the Bankruptcy Code, as well as evidence of a scheme by the Debtor to hinder and delay under Section 362(d)(4)(B) of the Bankruptcy Code, to grant U.S. Bank relief from the stay with respect to the Property.

### III. CONCLUSION

Accordingly, the Cross-Motion is **GRANTED**. The Court will enter an appropriate form of Order.